UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL D.,[1]

                                            Plaintiff,        Case # 22-CV-1003-FPG

v.                                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.
_____

## INTRODUCTION

Plaintiff Paul D. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). *See also Smith v. Berryhill*, 139 S. Ct. 1765 (2019).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 8. For the reasons that follow, the Commissioner's motion is GRANTED, and Plaintiff's motion is DENIED.

## BACKGROUND

In November 2019, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 64, 75. He alleged disability since July 2019 due to several physical impairments. Tr. 64-65, 75-76. In November 2021, Administrative Law Judge Sommattie Ramrup ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 15-33.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 5, 6.

In October 2022, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Hum. Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease, seronegative spondyloarthropathy, costochondritis, status post right shoulder arthroscopy, status post right elbow surgery, and bilateral carpal tunnel syndrome. Tr. 17-18. At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 21.

Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of light work. Tr. 23. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 31. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 32-33. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 33.

### II. Analysis

Plaintiff argues that remand is warranted because the ALJ failed to properly evaluate the opinion of Jill Silverman, M.D. The Court disagrees.

Dr. Silverman is an impartial medical expert whom the ALJ contacted for assistance in evaluating Plaintiff's applications. Tr. 1318. In September 2021, Dr. Silverman completed a medical statement in which she opined, *inter alia*, that Plaintiff could only occasionally reach in all directions. Tr. 1334. In explaining her finding, Dr. Silverman wrote, "Patient has had [bilateral] arthroscopic shoulder surgeries so he may have some residual shoulder limitations." *Id.* The ALJ found this aspect of Dr. Silverman's opinion "less persuasive" because Plaintiff's "shoulder

4

condition improved post surgery, and the record does not show significant complaints of ongoing shoulder issues beyond that accounted for in the RFC." Tr. 30.  As support, the ALJ cited the objective findings from two consultative examinations.  *Id.*  The ALJ instead limited Plaintiff to frequent reaching bilaterally.  Tr. 23.

Plaintiff asserts that the ALJ misinterpreted Dr. Silverman's opinion as suggesting that Plaintiff's reaching limitations "were tied solely to Plaintiff's prior shoulder surgeries." ECF No. 7-1 at 15.  In fact, Plaintiff argues, his reaching limitations arose from his "chronic shoulder, chest, and thoracic pain." *Id.* at 14.  Consequently, Plaintiff contends that the ALJ erred by rejecting Dr. Silverman's opinion solely based on the post-surgery improvement, without reference to the evidence concerning continued shoulder, back, and chest pain.  *See id.* at 14-15.

This is not a basis for remand.  The medical statement that Dr. Silverman completed asked her to "[i]dentify the particular medical or clinical findings . . . which support your assessment or any limitations and why the findings support the assessment." Tr. 1334.  In connection with the reaching limitations, Dr. Silverman wrote only that Plaintiff "may have some residual shoulder limitations" because he has had bilateral "arthroscopic shoulder surgeries." *Id.*  Dr. Silverman did not connect the reaching limitations to Plaintiff's shoulder, back, or chest pain, as Plaintiff attempts to argue.  Therefore, the ALJ did not commit any error by confining herself to Dr. Silverman's express rationale for the reaching limitations.  To the contrary, it likely would have been impermissible for the ALJ to assume that Dr. Silverman's opinion rested on another, unexpressed rationale. *Cf. Marte v. Berryhill*, No. 17-CV-3567, 2018 WL 2979475, at *17 (S.D.N.Y. June 14, 2018) (ALJ improperly resolved inconsistencies in consultative examiner's opinion by assuming

that when examiner "indicated that [claimant] could 'never' perform postural activities, what she really meant was the opposite"). Plaintiff's argument is rejected.[4]

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 11, 2024
   Rochester, New York

               _____
               HON. FRANK P. GERACI, JR.
               United States District Judge
               Western District of New York

---

[4] Plaintiff's second argument, regarding the vocational expert's testimony, is immaterial in light of the Court's rejection of his first argument. *See* ECF No. 7-1 at 15-17.